UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

MICHAEL P. ALARCON,

                    Plaintiff,

      - against -

NASSAU COUNTY PARKS,

                    Defendant.

----------------------------------------------------------X

MEMORANDUM AND ORDER
12-CV-5922 (RRM)(ETB)

ROSLYNN R. MAUSKOPF, United States District Judge:

      On November 30, 2012, plaintiff filed this *pro se* action alleging employment

discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17,

and the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12112-12117.  Plaintiff's

request to proceed *in forma pauperis*, (Doc. No. 2), is granted pursuant to 28 U.S.C. § 1915

solely for the purpose of this Order, and the complaint is dismissed for the reasons set forth

below.

**STANDARD OF REVIEW**

      Under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis*

action where it is satisfied that the action is "(I) frivolous or malicious; (ii) fails to state a claim

on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune

from such relief."  The Court construes plaintiff's pleadings liberally particularly because they

allege civil rights violations.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v.*

*Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

**BACKGROUND**

Plaintiff alleges that on January 12, 2012, his employer placed him in unsafe working conditions given his disability of "pulmonary chronic obstructive disease" by transferring him to the Bay Park Sewer Treatment Plant.  (Compl. (Doc. No. 1) at ¶¶ 5-8.)  He immediately objected and requested a transfer.  He does not state what, if anything, was done in response to that request.  He states that he filed a charge with the New York Division of Human Rights regarding defendant's allegedly discriminatory conduct on February 13, 2012.  (*Id*. at ¶ 9.)  He states that he filed a charge with the Equal Employment Opportunity Commission ("EEOC") on March 5, 2009.[1]  (*Id*. at ¶ 10.)

**DISCUSSION**

Individuals may bring Title VII and ADA claims in federal court only after filing a timely charge of discrimination with the EEOC, the New York State or Division of Human Rights, or the New York City Commission on Human Right and obtaining a notice of right to sue letter from the EEOC.  42 U.S.C. § 2000e-5(e)(1); Americans with Disabilities Act of 1990, § 107(a), 42 U.S.C.A. § 12117(a); *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001);  *Harris v. City of New York,* 186 F.3d 243, 247 (2d Cir. 1999).  While administrative exhaustion is not jurisdictional, *Francis v. City of New York*, 235 F.3d 763, 768 (2d Cir. 2000), it is an essential element of Title VII's statutory scheme, *Butts v. City of New York Depot of Hour. Pres. & Dev.,* 990 F.2d 1397, 1401 (2d Cir. 1993) *superseded by statute on other grounds*, Civ. Rights Act. of 1991, Pub.L. No. 102-166, 105 Stat. 1071, the purpose of which is to avoid unnecessary judicial action by the federal courts by "[giving] the administrative agency the

---

[1] The Court notes that plaintiff's dates are inconsistent.  He alleges that the discriminatory act occurred on January 12, 2012, but that he filed a charge with the EEOC on March 5, 2009, nearly three years prior to the alleged discriminatory act.

opportunity to investigate, mediate, and take remedial action." *Stewart v. United States Immigration & Naturalization Serv.*, 762 F.2d 193, 198 (2d Cir. 1985).

It appears from the face of plaintiff's complaint that he has not obtained a right-to-sue letter; it is neither referenced nor attached.  The complaint must be filed within ninety days of receipt of the right to sue letter from the EEOC or applicable State or local agency. *See* 42 U.S.C. § 2000e–5(f) (1) (specifying that a Title VII action must be brought within 90 days of the claimant's notification of her right to sue); *id*. § 12117(a) (applying the Title VII limitations period to claims brought under the ADA).  Therefore, he has not demonstrated that he has exhausted his administrative remedies.  *See Coleman v. Board of Educ.*, No. 96 Civ. 4293, 2002 WL 63555, at *3 (S.D.N.Y. Jan. 15, 2002) ("There are two prerequisites for filing a Title VII action in federal court; plaintiff must (1) file a timely charge of employment discrimination with the EEOC and (2) receive a notice of the right-to-sue letter."); *Joseph v. America Works, Inc.*, 2002 WL 1033833, at * 5 (S.D.N.Y. May 21, 2002) (claimant must exhaust administrative remedies before bringing ADA claim in federal court).  Thus, plaintiff has failed to state a claim on which relief may be granted and the complaint is dismissed without prejudice.  28 U.S.C. § 1915(e)(2)(B)(ii).

Moreover, on January 30, 2013, plaintiff filed a new employment discrimination action against defendant in which he alleges substantially the same allegations as the instant complaint and to which he attaches a right to sue letter dated January 8, 2013.  *See Alarcon v. Nassau County Department Parks, Recreation and Museums*, 13-CV- 651 (RRM)(ETB).

## CONCLUSION

Accordingly, the complaint is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).   The Court certifies pursuant to 28 U.S.C. §1915(a)(3)

that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to send a copy of this Order to plaintiff, and close this case.

SO ORDERED.

Dated:  February 24, 2013
            Brooklyn, New York

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge